## DIVINS et al. v. HAZELTINE ELECTRONICS CORPORATION et al.

District Court, S. D. New York.
Dec. 18, 1947.

Joseph G. Telchin, of New York City, for plaintiffs.

Cahill, Gordon, Zachry & Reindel, of New York City (Matthias F. Correa and William L. Dennis, both of New York City, of counsel), for defendants.

COXE, District Judge.

This is a motion by the defendants, prior to answer, for summary judgment dismiss-

ing the complaint on the merits on the ground that there is no genuine issue of fact, and that, under Section 9 of the Portal-to-Portal Act of 1947, enacted May 14, 1947, 29 U.S.C.A. § 251 et seq., they are entitled to judgment as a matter of law.

The action is brought under Section 16 (b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), to recover overtime compensation for periods prior to December 31, 1945, liquidated damages, and an attorney's fee.

A prior motion for summary judgment, made by the defendants before the enactment of the Portal-to-Portal Act, was granted by this Court (70 F.Supp. 686), but the judgment was reversed by the Circuit Court of Appeals. 163 F.2d 100.

Section 9 of the Portal-to-Portal Act of 1947 provides in part as follows:

"In any action or proceeding commenced prior to or on or after the date of the enactment of this Act based on any act or omission prior to the date of the enactment of this Act, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, * * * if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of any such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding * * *."

The defendants contend that their failure to pay overtime compensation was in good faith and in reliance upon rulings of the Navy Department made at the time that they entered into service agreements with the Navy Department to supply specified amounts of "man months" of technical professional services of "field service engineers" to service radar equipment, subject to the directions of the Navy Department, and that the Fair Labor Standards Act, Wages and Hours Act, has no appli-

cation to the plaintiffs. (The plaintiffs were employed by the defendants in fulfillment of these service agreements at certain fixed salaries, regardless of the number of hours worked per day or week.)

The asserted rulings relied upon by the defendants were not embodied in any written document signed by anyone in the Navy Department, but the defendants insist that such rulings were implied, or were so understood by them, from the fact that the service agreements were issued pursuant to formal proposals submitted by them in which they stated that "The foregoing prices are based on our understanding that the Walsh-Healey Act and the Wages and Hours Act will not apply to the resulting contract." The agreements, however, did not contain this sentence, nor did they contain the usual provision in government contracts as to the application of the Walsh-Healey Act, although such a provision was included in many other government contracts issued to the defendants.

The defendants also rely upon certain correspondence with the Salary Stabilization Unit of the Treasury Department with reference to salary schedules, and increases allowed, for their executive, professional and administrative employees, including field service engineers. They argue from this that the Salary Stabilization Unit, by assuming jurisdiction over the defendants' requests, impliedly ruled that field service engineers were exempt employees under Section 13(a) (1) of the Fair Labor Standards Act, 29 U.S.C.A. § 213(a) (1).

Section 9 of the Portal-to-Portal Act of 1947, supra, requires the defendants to prove that they acted in good faith. I think that this issue of good faith, depending, as it does, upon many factors, should be left to the determination of the trial court upon consideration of all the evidence adduced by both parties. Good faith cannot be established as a simple fact, such as the signature to a document. It is an ultimate fact—a conclusion to be drawn from all the circumstances. Only in rare situations can it be determined upon affidavits.

The plaintiffs urge as a further reason for the denial of the motion that,

inasmuch as the motion is made before answer, they have had no opportunity to examine the defendants before trial as to their good faith and reliance upon administrative rulings. I think that the plaintiffs should have this opportunity, for these facts are solely within the knowledge of the defendants.

The motion of the defendants for summary judgment is accordingly denied.